

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: August 24, 2010**

_____
JOHN C. AKARD
UNITED STATES BANKRUPTCY JUDGE
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § § | Case No. 10-10599 |
| **UTEX Communications Corp.** | § § | |
| | § | **Chapter 11** |
| **Debtor** | § | |

ORDER CONCERNING
PLAN AND DISCLOSURE STATEMENT

      On March 3, 2010, UTEX Communications Corporation (the "Debtor") filed for relief under Chapter 11 of the Bankruptcy Code. On July 1, 2010, the Debtor filed a Plan of Reorganization (Docket item # 135) and a Disclosure Statement (Docket item # 134). Several objections to the Disclosure Statement were filed. On August 23, 2010, the Debtor's attorney circulated to several parties an amended Disclosure Statement designed to satisfy the objections. A hearing seeking the court's approval of the Disclosure Statement was held on August 23, 2010. At that hearing, the Debtor's attorney stated that he had a preliminary agreement with the largest secured creditor which would necessitate an amendment to the Plan of Reorganization and the Disclosure Statement. He also agreed to further modifications of the Disclosure Statement. His concessions still did not satisfy the objections of all the creditors. The principal creditor, Southwestern Bell Telephone Company d/b/a AT&T Texas, asserted that the plan was patently unconfirmable and thus the Disclosure Statement should not be approved.

      The Debtor is engaged in the telecommunications business, which is highly technical and highly regulated. At the time this case was filed, the Debtor was involved in a number of hotly contested matters relating to its business in state and Federal courts and in state and Federal

regulatory commissions. The Debtor has appealed rulings adverse to it and, presumably, opposing parties have appealed rulings favorable to the Debtor. Among other things, those disputes relate to tariffs and highly technical contracts. Each dispute involves a large amount of money. AT&T Texas asserts that this case was filed to prevent AT&T from cutting off service to the Debtor while the Debtor appeals one of those adverse rulings. This court does not have the jurisdiction nor the expertise to resolve those disputes.

As the Debtor's attempts at a disclosure statement and the creditors' arguments at the August 23, 2010 hearing revealed, there is no firm basis upon which to base a plan of reorganization. A disclosure statement at this time would simply be a listing of the Debtor's opinion about the prospective outcome and the creditors' opposing opinion about the prospective outcome of each piece of litigation. It is quite likely that, using its prospective outcome of each piece of litigation, the Debtor would contest the amount or the ability of various creditors to vote on the plan. Even if its right to vote is not contested, there is no way that a creditor can cast an informed vote on a plan until the litigation is resolved. The ability of the Debtor to reorganize is largely dependent on it securing favorable rulings on most, if not all, of the litigation.

In order to confirm a plan, the court must find that confirmation is not likely to be followed by the liquidation of the debtor (unless that is the goal of the plan), or the need for further financial reorganization. 11 U.S.C. § 1129(a)(11). Considering the magnitude of the pending litigation in this case, the court cannot make that finding until the litigation is concluded

For these reasons, the court concludes that the presentation of a plan and disclosure statement in this case should be postponed until all of the litigation pending at the commencement of this case is finally resolved and the following order entered.

It is therefore **ORDERED** that:

1. Approval of the Debtor's Disclosure Statement filed on July 1, 2010 and any amendments thereto is **DENIED.**

2. The Debtor and all creditors and parties in interest in this case are restrained and enjoined from filing a plan of reorganization and/or a disclosure statement until further orders of this court.

3. Following a final and non-appealable judgment or a final and non-appealable administrative ruling in **all** state and Federal court cases involving this Debtor and in **all** state and Federal administrative proceedings involving this Debtor which were pending at the commencement of this case, the Debtor, any creditor, or any party in interest may file a motion with the court to reopen the time for filing a plan of reorganization and a disclosure statement. After appropriate notice and hearing, the court may reopen the time for filing a plan and disclosure statement pursuant to the terms of this order.

4. The Debtor shall have the **exclusive** right to file a plan and disclosure statement within 45 days after the entry of the order reopening the time for filing a plan and disclosure statement. If the Debtor files a plan and disclosure statement within such 45 days, the

        Debtor shall have an additional 45 days after approval of the Debtor's disclosure statement to secure confirmation of its plan. During such later time, no creditor or party in interest may file a plan or disclosure statement.

5.    Following the expiration of the Debtor's periods of exclusivity specified above, and if no plan has been confirmed, then all creditors and parties in interest (including the Debtor) may file a plan and disclosure statement.

6.    The court reserves the right, after appropriate notice and hearing, to modify the terms of this order, to dismiss this case, or to convert this case to a case under Chapter 7.

# # #